## Commonwealth v. Cage

*William F. Illig*, for Commonwealth.

*W. W. Knox*, for defendant.

HIRT, P. J., September 24, 1936.—This case is before the court on demurrer to the indictment on the ground alleged that the same is insufficient in law and does not charge any crime under the statutes of Pennsylvania.

The prosecution is brought under section 17 of the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, which defines the misdemeanor as follows:

"Any person who operates a motor vehicle within this State after his operator's license or operating privilege

has been suspended or withdrawn under the provisions of this act and while such license remains suspended . . . shall be guilty of a misdemeanor".

The above section is one of the penal clauses of an act of assembly seeking to maintain financial responsibility of operators and owners of motor vehicles. It also provides for the suspension of operators' licenses and motor vehicle registration certificates in certain circumstances, e. g., as a penalty for failure to furnish correct accident record: section 10; pending satisfaction of judgment against a registrant: section 11; or upon the cancellation of insurance or surety bond: section 15; or for failure to maintain proof of financial responsibility: section 16.

Section 17, quoted above, specifically applies to a person operating a motor vehicle after his operator's license has been suspended or withdrawn "under the provisions of this act". The indictment in this case does not charge that defendant's operator's license or privilege had been suspended or withdrawn under this act of assembly; in fact it is admitted that his license or privilege was revoked under another act of assembly for operating a motor vehicle while under the influence of intoxicating liquor; on that ground defendant rests his demurrer.

Under the rule of strict construction we cannot extend the operation of this statute beyond the evident intention of the legislature as expressed on its face, and therefore we must concede that the statute means what it says, to wit, that one may be charged with the misdemeanor created by this act only if his operating privilege "has been suspended or withdrawn under the provisions of this act". We cannot, by implication, extend its operation to cases where an operator's license has been revoked on other authority.

And now, to wit, September 24, 1936, the demurrer of defendant, entered on September 16, 1936, is sustained.